Eastern District of Kentucky
FILED

MAR 19 2026

AT LONDON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

**Casey Payne**
P.O. Box 572
Williamsburg, KY 40769,

Plaintiff,

v. Civil Action No. 6:26-CV-115-SCM

David Steiner,
Postmaster General,
United States Postal Service,

Defendant.

---

# COMPLAINT

Plaintiff **Casey Payne**, proceeding pro se, states as follows:

---

# I. JURISDICTION AND VENUE

This is a civil action for retaliation and related discrimination arising out of Plaintiff's federal employment with the United States Postal Service.

This Court has jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 2000e-16, and 29 U.S.C. § 791 et seq.

Plaintiff exhausted administrative remedies through the Equal Employment Opportunity process.

Plaintiff filed an Equal Employment Opportunity complaint with the United States Postal Service assigned Agency Case No. 4J-400-0029-22.

Plaintiff appealed the agency decision to the Equal Employment Opportunity Commission, which assigned Appeal No. 2023001658.

Plaintiff subsequently filed a Request for Reconsideration.

The Equal Employment Opportunity Commission denied reconsideration in Request No. 2025003687 on November 19, 2025.

Plaintiff received the reconsideration decision on January 7, 2026.

This civil action is filed within ninety days of Plaintiff's receipt of the Commission's final decision.

Venue is proper in this District under 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices complained of occurred in this District, including in or around Corbin, Kentucky.

## II. PARTIES

Plaintiff **Casey Payne** is an individual residing in Williamsburg, Kentucky.

At all relevant times, Plaintiff was employed by the United States Postal Service.

Defendant David Steiner is the Postmaster General of the United States Postal Service and is sued only in his official capacity.

## III. FACTUAL ALLEGATIONS

Plaintiff worked for the United States Postal Service in a non-career position and met the requirements for conversion to career, full-time status.

Despite Plaintiff meeting the requirements for conversion, USPS management delayed or interfered with Plaintiff's conversion to career status.

At the time Plaintiff met the requirements for conversion, Plaintiff was the only employee eligible for conversion. The decision to process or complete Plaintiff's conversion was therefore within the control of USPS management and not dependent on competing candidates.

The delay prevented Plaintiff from receiving the pay, benefits, retirement credit, and employment protections associated with career status.

The delay in conversion caused Plaintiff economic harm, including lost wages, lost benefits, and delayed access to career status protections.

The delay also affected Plaintiff's step progression and rate of pay, resulting in reduced earnings that continue to affect Plaintiff's compensation, including compounding effects on pay scale, retirement credit, and future earning capacity.

The effects of the delayed conversion continue to impact Plaintiff's compensation and career progression.

Before and during the events at issue, Plaintiff engaged in protected Equal Employment Opportunity activity, including multiple EEO complaints and protected activity related to disability and reasonable accommodation issues.

USPS management officials were aware of Plaintiff's protected activity.

Plaintiff alleges that USPS management official Jeff McWilliams, acting within the scope of his employment, was responsible for processing or completing administrative action necessary for Plaintiff's conversion to career status and failed or refused to complete the required action.

Plaintiff further alleges that Jeff McWilliams told Plaintiff he would never promote him.

The delay in Plaintiff's conversion occurred after Plaintiff engaged in protected Equal Employment Opportunity activity, and USPS management officials were aware of that activity.

The temporal relationship between Plaintiff's protected activity and the delay in conversion supports a reasonable inference of retaliatory motive.

Plaintiff alleges that USPS, through its management officials, delayed or blocked Plaintiff's conversion in retaliation for Plaintiff's protected activity.

While delaying Plaintiff's conversion, Plaintiff was subjected to additional barriers, scrutiny, and adverse treatment that similarly situated employees did not experience, including employees who met conversion requirements but had not engaged in protected EEO activity.

Plaintiff further alleges that other employees who were later eligible for conversion were not subjected to similar delay, interference, or barriers.

The delay in Plaintiff's conversion was not the result of administrative oversight or routine processing delay, but was instead a deliberate failure to act despite knowledge of Plaintiff's eligibility.

Plaintiff pursued administrative remedies through the EEOC process, but relief was denied.

Plaintiff incorporates by reference the allegations, record, and facts presented during the administrative EEO proceedings in Agency Case No. 4J-400-0029-22, Appeal No. 2023001658, and Request No. 2025003687.

The actions described above did not occur in isolation. They arose in the context of Plaintiff's ongoing protected Equal Employment Opportunity activity and disputes with USPS management regarding Plaintiff's employment rights.

Plaintiff alleges that management's interference with Plaintiff's conversion to career status was part of a pattern of retaliatory conduct directed toward Plaintiff because of his protected activity.

Many of the facts surrounding these decisions are within the control of Defendant and will be further developed through discovery.

Plaintiff alleges that Defendant's stated or anticipated reasons for the delay are pretextual and not the true reason for the adverse action.

# IV. COUNT I — RETALIATION

Plaintiff realleges and incorporates by reference Paragraphs 1 through 37.

Plaintiff engaged in protected Equal Employment Opportunity activity.

Defendant, through USPS management officials, knew of Plaintiff's protected activity.

Defendant delayed or interfered with Plaintiff's conversion to full-time career status.

The delay in conversion constituted a materially adverse employment action.

Defendant's actions were taken in retaliation for Plaintiff's protected Equal Employment Opportunity activity.

As a direct and proximate result of Defendant's conduct, Plaintiff suffered economic harm, including reduced pay, lost benefits, delayed step progression, and continuing compensation-related injury.

# V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Defendant violated federal anti-discrimination and anti-retaliation law;

B. Award back pay, including all compensation Plaintiff lost as a result of the delayed conversion and delayed step progression;

C. Award lost benefits and employment-related losses caused by the delayed conversion;

D. Order equitable relief, including correction of employment records, correction of step-placement consequences, and restoration of status, benefits, or related employment rights;

E. Award compensatory damages as allowed by law;

F. Award costs and any attorney's fees allowed by law if counsel appears;

G. Grant such other and further relief as the Court deems just and proper.

# VI. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

*Casey Payne*

**/s/ Casey Payne**
Plaintiff, Pro Se

P.O. Box 572
Williamsburg, KY 40769

606 261-4638

Date: March 19, 2026